UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA

v.  Case No. 1:03-cr-106
 *Edgar*

ANTONIO J. BEASLEY

# MEMORANDUM AND ORDER

On January 4, 2006, this District Court entered the judgment of conviction against defendant Antonio J. Beasley ("Beasley"). [Doc. No. 66]. Beasley has taken a direct appeal from the judgment to the United States Court of Appeals for the Sixth Circuit.

On November 13, 2006, Beasley filed a *pro se* motion captioned "Motion For Recusal And Reassignment." [Doc. No. 82]. Beasley moves to disqualify the undersigned District Judge from all further proceedings in this criminal case and to have the case reassigned to another District Judge. Beasley does not cite any relevant federal statutes concerning recusal or disqualification of a federal judge. Beasley has not submitted in support of his motion a properly sworn affidavit or statement made under penalty of perjury pursuant to 28 U.S.C. § 1746.

Beasley makes a vague, conclusory contention that the undersigned District Judge, while in the course of adjudicating the criminal case, purportedly violated the defendant's rights protected under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In other words, Beasley is dissatisfied with the District Judge's judicial decisions in his case. In his motion, Beasley requests the undersigned District Judge to recuse from any future proceedings and

1

any "future bias toward" him. Although Beasley uses the word "bias," he fails to allege any specific facts showing that the undersigned District Judge harbors personal bias or prejudice against him.

This is not the first time that Beasley has made a *pro se* motion to disqualify the undersigned District Judge. Beasley previously made a similar motion to disqualify [Doc. No. 60] but he subsequently wrote a letter of apology stating that he desired to withdraw that motion. The first motion to disqualify was denied. [Doc. No. 64].

Beasley's instant motion to disqualify [Doc. No. 82] is **DENIED** for the following reasons. The disqualification or recusal of a United States District Judge is governed by 28 U.S.C. §§ 144 and 455.

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455 provides in pertinent part:

> (a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b)   He shall also disqualify himself in the following circumstances:
> (1)   Where he has a personal bias or prejudice concerning

> a party, or personal knowledge of disputed evidentiary facts
> concerning the proceeding; . . . .

These statutes are construed in *pari materia*. *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003); *Green v. Nevers*, 111 F.3d 1285, 1303 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988); *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983); *United States v. Kirkpatrick*, 2005 WL 2989314, *2 (E.D. Tenn. Nov. 7, 2005). Motions to disqualify under 28 U.S.C. §§ 144 and 455 are entrusted in the first instance to the sound discretion of the District Judge. *Green*, 111 F.3d at 1303; *In re M. Ibrahim, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1988); *Kirkpatrick*, 2005 WL 2989314, at *2. Although § 144 on its face appears to require automatic, mandatory disqualification once a motion and affidavit are filed, the District Judge has the authority and the duty to examine the affidavit to determine whether it is timely and legally sufficient. *Berger v. United States*, 255 U.S. 22, 32 (1921); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Easley*, 853 F.2d at 1355-56; *In re City of Detroit*, 828 F.2d 1160, 1164 n. 2 (6th Cir. 1987); *Kirkpatrick*, 2005 WL 2989314, at *2.

The main difference between 28 U.S.C. § 144 and § 455 is that § 455 is self-executing. Section 455 requires a federal judge to *sua sponte* recuse for personal bias or prejudice even in the absence of a party's motion to disqualify. *Easley*, 853 F.2d at 1356; *Story*, 716 F.2d at 1091. Disqualification under § 455 is mandated if a reasonable person, knowing all of the facts and circumstances, might question the judge's impartiality. In sum, a federal judge must *sua sponte* recuse under § 455 if the judge knows of facts that would undermine the appearance of impartiality in the minds of reasonable persons. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994); *Youn*, 324 F.3d at 422-23; *Reed v. Rhodes,* 179 F.3d 453, 467 (6th Cir. 1999); *Consolidated Rail Corp. v.*

*Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Union Planters Bank v. L&J Development Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989); *Easley*, 906 F.2d at 1356; *Story*, 716 F.2d at 1090-91; *Kirkpatrick*, 2005 WL 2989314, at *2.

Generally, the same standard applies under § 144. An affidavit filed under § 144 must allege specific facts which a reasonable person would believe indicate that a judge is personally biased or prejudiced against the moving party. *Youn*, 324 F.3d at 423; *Ullmo ex rel. Ullmo v. Gilmour Academy,* 273 F.3d 671, 681 (6th Cir. 2001); *General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990); *Kirkpatrick*, 2005 WL 2989314, at *3. The standard is an objective one. *Liteky*, 510 U.S. 540; *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *Dandy,* 998 F.2d at 1349; *Sammons*, 918 F.2d at 599. A federal judge need not recuse or be disqualified based solely on the subjective view of a disgruntled party, no matter how strongly that subjective view is held. *Sammons*, 918 F.2d at 599; *Browning v. Folz*, 837 F.2d 276, 279 (6th Cir. 1988). *Kirkpatrick*, 2005 WL 2989314, at *3.

Beasley bears the burden of showing that an objectively reasonable person would believe that the undersigned District Judge is personally biased or prejudiced against him. *Consolidated Rail Corp.*, 170 F.3d at 597; *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Disqualification for personal bias or prejudice under 28 U.S.C. §§ 144 and 455 is subject to the limitation of the extrajudicial source doctrine. *Liteky*, 510 U.S. at 540; *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Youn,* 324 F.3d at 423; *United States v. Howard,* 218 F.3d 556, 566 (6th Cir. 2000); *United States v. Hartsell*, 199 F.3d 812, 820 (6th Cir. 1999); *Reed*, 179 F.3d at 468; *Green*, 111 F.3d

4

at 1303-04; *Matter of Maurice,* 73 F.3d 124, 126 (6th Cir. 1995); *In re Adams,* 31 F.3d 389, 396 (6th Cir. 1994); *Sammons*, 918 F.2d at 599; *Wheeler*, 875 F.2d at 1251-52; *Easley*, 853 F.2d at 1356; *Story*, 716 F.2d at 1090-91. The alleged bias and prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell Corp.*, 384 U.S. at 583; *accord United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005); *Youn*, 324 F.3d at 423; *Sammons*, 918 F.2d at 599; *Wheeler*, 875 F.2d at 1251-52; *Kirkpatrick,* 2005 WL 2989314, at \*3.

Beasley is required to allege specific, non-conclusory facts showing a personal bias or prejudice against him that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings. The alleged bias or prejudice must arise out of the judge's background and associations, and not from the judge's view of the law. *Youn,* 324 F.3d at 423; *Ullmo*, 273 F.3d at 681; *Consolidated Rail Corp.*, 170 F.3d at 597; *Green,* 111 F.3d at 1303-04; *Story*, 716 F.2d at 1090-91. Beasley cannot make the requisite showing of personal bias or prejudice necessary for disqualification and recusal under 28 U.S.C. §§ 144 and 455 based on an extrajudicial source merely by merely arguing that the undersigned District Judge has made, what Beasley believes to be, erroneous judicial decisions. *Kirkpatrick*, 2005 WL 2989314, at \*3.

In *Liteky,* the Supreme Court explains several important guiding principles. Judicial rulings alone almost never constitute a valid basis to disqualify a judge on the ground of personal bias or prejudice. Only in the rarest of circumstances will a judicial decision evidence the degree of personal bias, animosity, or prejudice required for disqualification when no extrajudicial source is involved. Almost invariably, judicial decisions may be appealed but they are not a proper basis for disqualification under 28 U.S.C. §§ 144 and 455. An opinion formed by a judge on the basis of facts

5

introduced or events occurring in the course of judicial proceedings does not constitute a valid basis for a motion to disqualify unless the judge's opinion displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." Judicial remarks and comments that are critical or disapproving of , or even hostile to, a party or counsel, or to a party's case, ordinarily do not support a motion to disqualify a judge for personal bias or prejudice. *Liteky*, 510 U.S. at 555; *see also Alley v. Bell,* 307 F.3d 380, 388 (6th Cir. 2002); *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 731 (6th Cir. 1999); *Green*, 111 F.3d at 1303-04; *Matter of Huntington Commons Associates*, 21 F.3d 157 (7th Cir. 1994); *Kirkpatrick*, 2005 WL 2989314, at *4.

The Court finds that Beasley's motion to disqualify is patently deficient. He has not submitted the affidavit or sworn statement required by 28 U.S.C. § 144. Beasley has not met his burden of alleging sufficient facts to establish there is a genuine basis for an objectively reasonable person to believe that the undersigned District Judge harbors any personal bias or prejudice against him emanating from an extrajudicial source. The motion is entirely insufficient to show any bias or prejudice against him under the extrajudicial source doctrine. Although Beasley may strongly disagrees with the undersigned District Judge's rulings in his case including the judgment of conviction and sentence, this does not constitute a sufficient factual and legal basis for judicial disqualification or recusal. The undersigned District Judge cannot be disqualified pursuant to 28 U.S.C. §§ 144 and 455 merely because Beasley disagrees with this District Judge's views of the facts and the law.

Moreover, the orders and decisions rendered by the undersigned District Judge do not contain any improper comments or remarks that display a deep-seated personal bias, prejudice, or antagonism against Beasley that would make fair and impartial judgment impossible. Beasley may

believe that the undersigned District Judge is biased or prejudiced against him. However, the undersigned District Judge need not recuse or disqualify himself based on the subjective views of Beasley, no matter how strongly those subjective views are held. *Sammons*, 918 F.2d at 599; *Browning*, 837 F.2d at 279.

Accordingly, Beasley's motion to recuse or disqualify and for reassignment of the case to a different District Judge [Doc. No. 82] is **DENIED**.

SO ORDERED.

ENTER this the 1st day of December, 2006.

                                              */s/ R. Allan Edgar*
                                                  R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE