UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ANTONIO J. BEASLEY | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-252/1:03-cr-106 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Federal prisoner Antonio J. Beasley ("Beasley") filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on May 5, 2008. *See Beasley v. United States*, Criminal Action No. 1:03-cr-106/Civil Action No. 1:08-cv-115 (Criminal Court File No. 98).[1] The motion was denied on November 5, 2010 (Criminal Court File Nos. 181, 182). On June 20, 2012, Beasley filed a Rule 60(b)(6) motion (Criminal Court File No. 231). The Court construed the Rule 60(b)(6) motion as a second § 2255 motion and transferred it to the United States Court of Appeals for the Sixth Circuit (Criminal Court File No. 235). On April 19, 2013, the Sixth Circuit denied Beasley's application to file a second or successive § 2255 motion to vacate his sentence and denied his motion to remand the case to the district court (Criminal Court File No. 239). Beasley has now filed a third § 2255 motion attacking the same convictions (Criminal Court File No. 241) and a motion to proceed *in forma pauperis* (Criminal Court File No. 242).

A motion filed under 28 U.S.C. § 2255 is not a civil action. Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. *See* L.R. 9.3(b). Accordingly, the application to proceed *in forma pauperis* is **DENIED** because there

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

is no matter pending before this Court to provide a basis for granting such an application (Criminal Court File No. 242).

In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, Beasley cannot file a second or successive § 2255 motion in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. This Court has not received an order from the Sixth Circuit authorizing it to consider the pending motion.

Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, and close this case. *See* 28 U.S.C. § 2255(h); *Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.

ENTER.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**