# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:03-cr-00106-001 |
| v. ) | |
| ) | Judges Collier/Steger |
| ANTONIO J. BEASLEY, SR. ) | |

## MEMORANDUM AND ORDER

ANTONIO J. BEASLEY, SR. ("Defendant") came before the Court for an initial appearance on January 10, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 330].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court was unable to make a determination[1] as to whether Defendant wished to be represented by an attorney; however, the Court did conclude that Defendant qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Damon Burk of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read; however, the Court was unable to determine whether Defendant could understand the Petition with or without the assistance of his counsel. The Court did have AUSA Chris Poole explain to Defendant the specific charges contained in the Petition. Defendant did not acknowledge that he understood the charges in the Petition and attempted to argue that the charges against him were not legitimate. Consequently, the Court was unable to determine whether Defendant did understand the charges.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant requested a preliminary hearing and a detention hearing. The preliminary hearing and detention hearing were conducted contemporaneously.

At the hearing, the Government relied upon the allegations in the Petition [Doc. 330] as

---

[1] Defendant interrupted the Court repeatedly during the course of the hearing. His comments and conduct during the hearing led the Court to believe that Defendant may be suffering from mental illness. While the undersigned made every effort to complete the initial appearance, the Court was unable to conclude that Defendant fully understood the issues discussed.

well as the testimony of United States Probation Officer, John Eppenger. The Petition recites a number of conditions of supervision violated by Defendant, *to wit*:

- The defendant shall not commit another federal, state, or local crime.

- The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.

- The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

- The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

- The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any substances, except as prescribed by a physician.

- The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court.

- The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The Petition details facts giving rise to violations of these conditions of supervision, which facts were verified by Officer Eppenger when he testified in court. Defendant attempted to cross-examine Officer Eppenger himself (rather than allowing his attorney to act on his behalf), but was unable to follow the Court's direction to simply ask questions rather than attempting to argue his case. Because Defendant refused to follow the Court's instruction, the Court eventually ordered him to discontinue his efforts at cross-examination.

With respect to the preliminary hearing, the Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the

Petition or further order of this Court.

In this case, the Court further determined, based upon Defendant's behavior at the hearing, that Defendant may be "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Consequently, by separate order, the undersigned committed Defendant to the custody of the Federal Bureau of Prisons for a mental evaluation pursuant to 18 U.S.C. § 4241(b).

It is, therefore, **ORDERED** that:

1. Defendant shall be **DETAINED WITHOUT BAIL** pending a revocation hearing before United States District Judge Curtis L. Collier.

2. The revocation hearing before Judge Collier which was originally scheduled on **Wednesday, March 8, 2023, at 2:00 p.m.** shall be **CONTINUED** until Defendant is returned to this jurisdiction following his mental evaluation at a Federal BOP facility.

3. After the Court makes a determination as to Defendant's mental competence, the revocation hearing before Judge Collier shall be rescheduled.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE